UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>Chief United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

April 10, 2025

MEMORANDUM TO COUNSEL RE:   Keith Krikstan v. State of Maryland, et al.
                              Civil Action No. GLR-24-2001

Dear Counsel:

Pending before the Court is Defendant Neil Daubach's Motion to Stay proceedings pending the resolution of his criminal case. (ECF No. 24). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons outlined below, the Court will grant Daubach's Motion.

Plaintiff Keith Krikstan—a former inmate at Eastern Correctional Institution—alleges that a correctional officer beat him while he was defenseless with his hands cuffed behind his back. (Am. Compl. ¶ 1, ECF No. 27). He further alleges that two other officers watched the assault and then later "conspired to destroy video evidence . . . of the beating." (Id.). Krikstan seeks compensatory and punitive damages, attorney's fees, and other costs associated with this action as provided under 42 U.S.C. § 1983 and 42 U.S.C. § 1988. (Id. at 15).[1]

On July 10, 2024, Krikstan initiated this action against the State of Maryland; Warden Kathleen Green; Correctional Officers Samuel Warren, David Quillen, Ananias Wilson, and Neil Daubach; and Sergeant J.S. (collectively, "Defendants") alleging violations of his Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983 (Counts I & II); negligent supervision and retention (Count III); battery (Count IV); and violations of Articles 16 and 25 of the Maryland Declaration of Rights (Count V). (Compl. at 1–2, 8–14, ECF No. 1). The State of Maryland and Warden Green filed a Motion to Dismiss, or in the alternative Motion for Summary Judgment, on February 3, 2025. (ECF No. 21). On March 3, 2025, Correctional Officer Daubach filed the instant Motion to Stay. (ECF No. 24). Krikstan filed an Opposition to the Motion to Stay on March 17, 2025, (ECF No. 26), and on March 31, 2025, Correctional Officer Daubach filed a Reply, (ECF No. 33).[2]

On March 19, 2025, Krikstan filed an Amended Complaint, in which he replaced Warden

---

[1] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

[2] Also pending is Krikstan's Motion to Seal the Amended Complaint (ECF No. 29). The Court will grant the Motion because the Amended Complaint contains personal identification information of correctional officers. See Jones v. Blair Wellness Ctr, LLC, No. ADC-21-2606, 2023 WL 4352451, at *16 (D.Md. June 30, 2023) ("This Court has repeatedly found that . . . personal identification information may be sealed.")

Kathleen Green with Warden Debora Darden and changed Defendant Sergeant J.S.'s name to Sergeant Jermaine Robert Sturgis. (See generally Am. Compl.).[3]

Courts generally have discretion to stay proceedings as "incidental to the power inherent in every court to control the disposition of the causes on its docket . . . ." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see United States v. Oliver, 878 F.3d 120, 124 (4th Cir. 2017) (noting federal courts' inherent authority to stay an action pending the outcome of parallel proceedings in another court).

When exercising its discretion to determine whether to stay a case pending the resolution of a criminal matter, this Court has weighed the following six factors:

> (1) the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the criminal case including whether the defendants have been indicted; (3) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation; (4) the private interests of, and the burden on, the defendant; (5) the interest of the courts; and (6) the public interest.

In re Royal Ahold N.V. Sec. & ERISA Litig., 220 F.R.D. 246, 253 (D.Md. 2004) (quoting Javier H. v. Garcia–Botello, 218 F.R.D. 72, 74 (W.D.N.Y. 2003)).

Applying these factors, the Court finds that they weigh in favor of staying the civil case. The first and second factors point towards granting the stay because it is undisputed that Daubach was charged with a six-count indictment in a federal criminal case that arises out the same events at issue in this civil action. (Mot. Stay at 1–2, ECF No. 24-1). His trial is currently set for December 8, 2025. (Id. at 2).

Turning to the third and fourth factors, these require the Court to determine whether the movant's interests are outweighed by the prejudice faced by the non-moving party. See Infotek Corp. v. Preston, CCB-18-1386, 2021 WL 4521330, at *2 (D.Md. Oct. 4, 2021). The Court finds that they are not. Daubach argues that staying the civil action will not prejudice Krikstan for two reasons: (1) the case is only in its infancy as Krikstan has not yet served all of the defendants;[4] and (2) allowing the criminal action to proceed first will help reduce the scope of discovery in the civil action as evidence gathered during the criminal prosecution may be used later in the civil action. (Mot. at 3–4). Krikstan does not dispute these arguments. (See generally Pl.'s Opp'n Mot. Stay ["Opp'n"], ECF No. 26). What's more, Daubach asserts that if the case is not stayed, he will be forced to choose between exercising his Fifth Amendment rights against self-incrimination or waiving those rights. (Mot. at 5). In response to this argument, Krikstan urges the Court to allow Daubach to answer the Complaint with a general denial and require Daubach to amend his answer upon the resolution of his criminal charges. (Opp'n at 3). As to discovery, Krikstan concedes that the Court should grant a limited stay with respect to any interrogatories and depositions of

---

[3] The Clerk will be directed to update the docket to reflect the changes to Sergeant J.S.' name.

[4] To date, the summons has been issued as to Defendants Sergeant Sturgis and Warden Darden but they have not yet been served. (See ECF No. 32).

Daubach. (Id.). Because Krikstan agrees that some form of a stay is necessary and fails to identify any resulting prejudice, the Court finds that the third and fourth factors weigh in Daubach's favor.

Finally, in addressing the fifth and sixth factors, "[a] stay serves the interests of the Court and the public by ensuring the pretrial rights of criminal defendants are not compromised." Stevens et al. v. Wilson et al., No. DLB-21-1617, Order at 3, ECF No. 36 (D.Md. Feb. 9, 2022). Further, in light of the complete overlap between the criminal and civil cases, the Court finds a stay will conserve judicial resources and potentially resolve the ultimate issues as to liability. Accordingly, the Court will grant Daubach's Motion to Stay the proceedings pending the resolution of his criminal charges.

For the foregoing reasons, Daubach's Motion to Stay, (ECF No. 24), is GRANTED. This matter is hereby STAYED. The parties shall FILE a joint status report within seven (7) days of the conclusion of Daubach's criminal trial, or within 180 days of this Order, whichever is earlier. Daubach's Motion to Seal, (ECF No. 29), is also GRANTED. The Clerk is DIRECTED to change Defendant Sergeant J.S.' name on the docket to Jermaine Robert Sturgis. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
George L. Russell, III
Chief United States District Judge